All right, good afternoon everyone. We'll proceed to hear argument in the only case on calendar for this special session which is 23-55556 Thomas Evans v. CEMEX Construction Materials Pacific, LLC, et al. And we'll hear first from Mr. Burns. Thank you, Your Honor. And I just want to take this moment to thank the panel very much, as well as the courtroom deputy and all the court staff for continuing this argument given the extenuating circumstances from a couple of weeks ago. May it please the court, my name is Patrick Burns and I represent the appellants. At this time I'd like to reserve two minutes of my time for rebuttal. Here the trial court committed two errors in denying the motion to remand and I want to start with the first. The trial court made a determination, the district court made a determination that appellant CCMP's agreement in 2020 that it would agree not to remove the case precluded appellant CEMEX Inc.'s removal. But that conclusion fails to recognize that these are two separate defendants and Congress and this court have provided that when a defendant initially fails to exercise the removal right, it does not prevent a later... The first thing we have to settle here is our jurisdiction. So can you start off by addressing why the jurisdictional bar of 1447 D does not prevent us from exercising jurisdiction over your appeal? Yes your honor, this court has jurisdiction because the Supreme Court has clarified that section 1447 D's bar on reviewability only applies to the grounds listed in 1447 C and thus reviews only precluded where the district court's order is based on either a lack of subject matter jurisdiction or procedural defect. That was the Supreme Court's thermotron decision. So ultimately the issue here is whether the district court's remand was based on a procedural defect and the answer to that is no. Well what do you make of the change in the language in between thermotron and some of the other Supreme Court decisions? C got changed from saying a motion to remand the case on the basis of any defect in removal procedure was changed to a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction. And do you read our decision in CAM is saying that that change in wording had no effect at all? Correct or maybe no effect in this case as applied to this case or as applied in CAM. So perhaps there was some kind of broadening when the procedural was removed to include other types of defects but CAM makes very clear that a contractual waiver based on something like a form selection clause is not a defect and even though the word procedural was removed CAM of course postdates that and so CAM's conclusions apply equally here. In fact that case is directly on point because there a form selection clause was the reason that the defendant could not remove where and here it's the same thing. The district court's order first notes that it was unclear whether CCMP is precluded from agreeing to a served defendant's removal. It then says that based on the contract it precludes any kind of exercise of the removal right but a contractual waiver is not a defect whether procedural or otherwise. Oh but CAM says, oh go ahead, okay CAM says that a foreign form selection clause operates outside of the various requirements for removal specified in 1441 to 1453. Whereas here this contractual issue seems to operate inside of the requirements in the sense that it voids the consent. Not exactly your honor because the district court's order doesn't analyze it that way. The district court even does not even address lack of unanimous consent except in a foot note it refers to it but really what the district court concludes here is it says the intent of the that's not a lack of unanimous consent that's a contractual waiver and a substantive right and that's a substantive issue. Well it is a lack of unanimous consent because the party that entered into that agreement is the party that can't give the unanimous approval. I mean I understand what the district court said in the subsequent denial of stay but I don't really follow the logic of how that's not a procedural defect in removal. It obviously is. Well your honor. Unanimous consent. Your honor that's where we end up with lack of unanimous consent however the basis for it is a substantive issue which allows this court to review. One of the cases that's on point here is the Russell Corp case from the 11th circuit which is actually a case Evans relies on for the merits but on the jurisdictional point it's directly applicable here. What it says there is the district court found that the unanimity requirement was not met only after it had interpreted the service of suit clause which was the clause preventing removal. The court then goes on to say in essence the court made a substantive determination of a contractual provision which was external to the removal process. So ultimately though we do end up at a lack of unanimous consent. Ultimately this reviewability is not precluded here because this basis the district court's basis based in contract and contractual waiver which is a substantive right abandonment of a substantive right that's all external to the removal process. So perhaps this case would be different your honor if there was some kind of procedural problem with the lack of unanimous consent maybe one defendant didn't provide consent within the time limit something along those lines or there was some other kind of defect but when the when the basis is a substantive contract that the court concludes the district court concludes precludes removal or precludes consent that should not be considered a defect under CAM or under any of under our our acts aren't we don't have to be deferential to the district court's characterization of the remand that as long as it's colorable we must defer to it. Correct your honor as long as it's colorable you we look to this court looks to the district court's basis for remand and here the district court not only analyzed this as a contractual waiver case not a lack of unanimous consent but then in its subsequent order on whether it had jurisdiction to recall and issue the stay it specifically said that it had jurisdiction because this is not about a procedural defect in section 1447c. And can we look at that second order because that second order was a remand I mean or should we limit it to the original remand order? Yeah I apologize your honor you should look to the original remand order I'm just noting that the court the district court clearly said later in a subsequent order that it was clarifying this is not about a defect in section 1447c but the district court's order here clearly analyzed this under under contractual waiver it says allowing CEMEX to consent to removal would therefore undercut its contract with Evans and so this isn't any kind of defect this is a substantive right it's external to the removal process the removal procedure and therefore this court should not be to any different ultimate result. Your honor if you follow the logic of the fact that this court has reviewability then well it seems to me if the premise of you're arguing it's not a procedural defect the district court based its conclusion on this contractual agreement between the parties if we assume okay that's the basis for the district court's agreement and the district court is correct about that is the end result any different? The end result will be that this court has jurisdiction to consider say that you lose on the merits of the argument rather than on the jurisdiction of the argument that's what I'm saying is the ultimate result different. I understand your honor no it doesn't affect the merits because we contend that the district court though that was its colorable conclusion uh that it was not right in analyzing that as a case of waiver and so why well first a waiver of a statutory right in this circuit has long been recognized that it has to be clear and unmistakable waiver this is a contractual agreement between two parties I'm not sure that I understand that the waiver context is one that fits here uh so I think that's an issue you're going to have to deal with and it seems to me the contract's pretty straightforward it's hard to see how the the expectations the parties are going to be realized through your your interpretation of it or the interpretation you're offering to us well your honor the the key part here is that congress amended the statute section 1446 in 2012 and when it did so it specifically uh allowed there to be a distinction between the right to initiate the removal and the right to consent to removal um in this court even before that amendment had held the same in despino so because there are two telling me the reasonable expectations of the parties were what you just described that it was it was fine with your colleague that uh you couldn't remove the case but they had no objection whatsoever to agreeing to some other party removing the case really I mean it seems to me that's a pretty unlikely interpretation of the contract and certainly doesn't reflect the expectation of evans well your honor the the key law in this circuit is that it has to be about the party's intent and expectation at the time the email was reached the disagreement was reached in december 2020 the fact of the matter is cemex inc was not in the case there was no issue about another defendant coming into the case and the idea that ccmp would have waived its right in perpetuity to ever consent to a later served defendants removal when another defendant comes in the case it completely changes the nature of the case it might what's the relationship between the two cemex entities your honor the cemex inc later served defendant was uh is the parent corporation but they are distinct entities as the district court found they that's what they are is it a wholly owned subsidiary yes your honor so let's go back to the expectations of evans why in heaven's name would evans agree to this contract if it was understood that if an additional fully owned or I guess this is the then suddenly removing the case to federal court is back on the table well it makes that a logical interpretation on the part of evans well your honor evans is the plaintiff here he has the right to name any party he wants at the time he made this agreement he had only named ccmp as a defendant actually no that's that's not true the reason we're here is that your client wanted to get mr whose name i don't recall offhand out of the case and that's how this agreement was generated and so they were they were in the court they wanted to be in they accepted your request to drop the ceo out on the understanding that his naming is what kept it in state court it it makes no sense to me to think that they would have expected but it's going to be okay if another cemex entity comes into the case we don't care then we'll let you go to federal court i do not see any logic in that whatsoever and why we should expect that's the reasonable expectation of the parties in this context is is baffled me and i'm waiting for a better explanation of me was why it makes any sense your honor the the this was two years later with a completely new defendant and the calculus had changed as you noted the exchange was agreement to drop mr lopez the individual you obviously know that the plaintiff wants to be wants to remain in state court that's why they've been fighting this issue for heaven knows how many months now so why should we think that their desire to be in state court when this whole thing started somehow would have changed because the parent company got named so at that point on it's okay with them under this agreement to go to federal court it is obviously not okay that's why they've been fighting it so why should we think that's a reasonable expectation well your honor first first your honor is completely focused on the plaintiff here but the contract has to have a meeting of the minds and there was definitely no expectation on behalf of ccmp um in fact a lot of cases like this you got what you wanted the ceo is dropped out of the case and now you're prepared to say your expectation should dictate what the plaintiff wanted which is to stay in state court is that it the plaintiff the plaintiff got what he wanted because there was no exercise of the clear that that right is separate from in the montana versus talon case there was 13 years removed from when the first defendant didn't exercise a removal right in 2004 and then in 2017 after several appeals it comes back to calculus changes then they want access to the federal forum and the courts there said that congress has allowed that later defendant to exercise that right there's nothing in this agreement that would support that the right to consent to a later serve defendant was there that would be drafting that would be putting inserting language into the contract or the emails that just doesn't exist and especially under the um courts own standards which put put the burden on evans uh specifically that a waiver has to be clear and unmistakable when it's waiving a statutory right or that waiver of a constitutional right has to be knowing and voluntary there's no indication here that ccmp was agreeing to waive something if its parent corporation was going to come it was going to come into the case all right council did you want to save time for rebuttal yes your honor thank you okay all right then we'll hear now from mr lacour did i pronounce that correctly yes and if it's okay i would like to reserve three minutes for rebuttal you don't have rebuttal i'm so sorry uh good afternoon your honors and may it please the court jonathan lacour counsel for the appellee respondent thomas evans in the matter before you we intend to address two issues that the court has asked us to substantially address the first is the review whether this court has the jurisdiction under 1447 to review the remand order within the district court and secondly if review is permissible whether the court erred in finding that a remand was appropriate given the circumstances in this case as it relates to the review the matter that you have before you built upon the prior rulings related to 1447 in orders in pelliport a 1984 case power x a 2007 case in waco from way back in 1934 it's important to understand what these cases each stand for the power x stands for the ideal that a party may not have a remand order reviewed in an appellate court as a litigation tactic where one it would increase the burden on the courts just like your honorable court and to prevent the parties from proceeding substantively with their case and that is exactly unfortunately what is happening here the court how is how is there a defect in removal procedure that would trigger the bar of 1447 d when the removal paper states very clearly i'm looking at er 185 defendant semex construction material specific llc consents to the removal of this action so the statutory requirement for removal procedure is satisfied um how is the bar of d still implicated even though it's not a statutory defect yes your honor i appreciate you posing that question um there was an agreement between the parties where the defendants the appellants in this case reached out to us asking us to remove or dismiss an individual defendant and out of that agreement what we the what the agreement between the parties was that they would not remove at that time and that mr lopez would be available as if he were a party as it relates to discovery when there was a removal that party cmax construction materials could not have consented to the removal and for that reason that creates a procedural defect had they had the ability to put consent to that there would not have been a procedural defect and that is exactly what the issue really is here because there is a procedural defect the court lacks the subject matter jurisdiction and a remand would be appropriate although it didn't expressly state that in those exact words that is the effect and that is how we have arrived here and if that is the case we believe that the review of this that this court is not is not provided the authority to review that remand but even if that we assume that there was an opportunity for the review we believe that the substantive factors within this case would lead this court to believe that the remand was appropriate as i mentioned earlier the way that the agreement came about was the defendants the appellants in this case contacting us to dismiss an individual defendant it wasn't exactly the ceo it was a head of a part of the organization that was part and parcel of a hostile work environment and discrimination claim that individual is core to the case and so the reasons why we wanted to keep him into the case and why it was appropriate is because he's going to be a necessary party and the court has determined that he may have individual liability through those causes of action it was the defendant who said we will ask that you dismiss that individual however you will remit you will keep all of the substantive points that you would like in remaining in state court as if you were a party the discovery would remain the same they would accept service of process for all documents including trial subpoenas we they wouldn't remove from federal court or they wouldn't remove to federal court but what the defendants are then saying is that because we identified at least in our calculus through the discovery that cmex was an alter ego which is not before you here today that because cmex inc the parent a wholly owned subsidiary parent of the organization that has the same attorneys has the same corporate office shares the same officers has the same human resources department operating from one to the other bringing them on affords them the ability to sidestep our agreement and that is what they've done because they believe that that that has the that this could create a problem for should the court rule even if they assume that review would be appropriate let's say that there's a company called disney and disney has a company called disney studios and disney studios contracts with the company for the distribution of a cartoon now disney studios is entered into that contract but disney's disney inc is not what defendants are saying would be permissible is disney inc going around studios and contracting with a separate company to get around that prior agreement that would not be permissible in that instance and that would not be permissible here that that seems to be very different from what i take to be the issue here i mean the issue here is whether or not the reflected in this email um when it says that cemex will agree to not remove the case to federal court whether that phrase extends to um will agrees not to consent to removal to federal court by someone else who's later added into the case that's really the the issue here so it ultimately comes down to cemex's obligations yes you're all right i was posing if the statute didn't require cemex's consent then i i think you'd have a hard time saying that this was a defect in removal procedure right i i to go back to the disney hypothetical i was posing a hypothetical with a different agreed upon um agreement but the the theory there is the same yes in this case we believe that cemex construction materials which is the party that needed to provide the consent for the remand them not being able to provide that it is a substantive d it is a defect that i don't understand your hypothetical is it anything other than applying different names to the parties i mean it seems to me you're saying parent and sub your hypothetical how is that different from what we have in front of us except the party names are different your honor the hypothetical that i posed just attempted to show the way in which the part that the defendants in this case the appellants have attempted to use a wholly owned subsidiary and a parent organization to sidestep an agreement between you you were the you were the ones that brought in the new party and so it's not like it's entirely within their control you didn't have to name the parent company it's when you did that you got into the current situation let me try a different hypothetical suppose you added a new party but it was unrelated it was general motors god knows why but you added general motors to the case and general motors decides to remove and there's some corporate stress or whatever between the original defendants the cemex with longer name the cemex construction materials and general motors so that's the point at which cemex construction materials decides that we don't want to be in state court with them because they're going to cross-claim or whatever else would you continue to say that we lack jurisdiction your honor in a situation in which there is a party that is required to consent to a removal if it is barred from consent i would believe in a situation that's that's where we pause because judge collins posed to you the potential distinction which is that the contract you have doesn't bar them from consenting at least not by its literal terms it will agree to not remove the federal court you may have an argument with regard to the removal attempted here because of the relationship between cemex and it's well that's the name of both of them between the original defendant and the parents subsequently brought in but if it's an entirely unrelated party it seems to me the jurisdictional calculation may change and that's what i'm trying to to elicit from you by posing the hypothetical in this different form the calculus might be different in that circumstance if they were not related but these parties were clearly related and by agreeing to that prior agreement not to remove but having a related party the parent organization with the same officers the same attorneys then sidestepping it that is the part the party that you wind up bringing the parent into the case within a deposition we ended up finding out that they used the same officers that the human resources department was the same that there were emails exchanged back and forth between construction and ink relating to the individual case that we have here destroying what we believe to be the separateness and because of that we have a polarable argument for alter ego within the organization now at that same time does that affect the potential liability of defendants collectively or i take it maybe it's collection or something i'm trying to figure out why you decided to embark on this path which has produced this nightmare for everybody i appreciate that question your honor and really a lot of it is discovery because there was withholding of discovery because we were not requesting specifically from cmex inc and if your honors had the time to go through the laborious discovery issues that were presented here that really was the problem you became a college judges so we wouldn't have to deal with discovery issues very much so the problem ultimately became it had a reason that's that's all i was really trying to elicit okay the problem ultimately became the discovery the attempt to get discovery um unfortunately there were substantive discovery problems that required the use of a discovery referee the the cost got so high as it got to forty thousand dollars twenty thousand dollars each side um we ended up in federal court it was remanded we brought on famed trial lawyer david d roberts and that's when this occurred uh he ended up paying the full amount that was owed the court in the in state court indicated that the amount would be split i believe up to twenty five thousand dollars and once it became forty thousand dollars we had made a motion with the court to determine what would the cost be who would bear the cost of the ongoing discovery issues and what it would cost for the parties to resolve it and clarify chenice if i understand uh your answer here so issue of you know assets in the subsidiary that's what you brought in the parent or is there whereas the parent has possession of documents and isn't turning it over on the basis of of separate entities what's the i don't know if i fully understand that yet no it could be both the primary impetus on this was discovery however the construction materials could be an empty shell candidly i'm not sure and i haven't gone through the painstaking discovery of trying to determine what the assets were there but it could be such that it is a shell where all of the money flows up and there could be a collectability issue the primary issue within this case for the reason for bringing them on was what we believe to be the unity and interest in the discovery issues that we were having as it relates to what mr burns indicated earlier he said that one party not timely agreeing to remove would be an applicable procedural defect well our question that we would would be what happens if a party cannot fallibly consent at all well then mr burns would then be conceding that there would be a pre procedural defect just as there is here and under 1447 that would preclude the review what should we do with the court's order on the motion to recall the remand i mean the remand order itself a little bit vague i think it's colorable that's it's about procedural defect but then the court's order on the motion to recall the remand court claims that it wasn't based on procedural defect what do we do with that can we consider that and constrain with the remand order your honor i think you take it all into account but there is a colorable argument based off of the language that was provided with the order that substantive matter jurisdiction is a colorable argument and because of the lack of unanimity there is a procedural defect which would result in remand ultimately i would ask the same question that was posed earlier is the outcome different we don't believe that the outcome should be different based off of whether or not there is review under 1447 or if there is review that the court finds and with that if there's no other questions i will i will relinquish my time all right thank you counsel we hear um the bottle now from mr burns thank you your honor first this notion that the defendant the appellant cemex inc was only added to the case because of this discovery is just not true or supported by the record this plaintiff is actually a human resources representative he understands the corporate structure of these entities and whether it's incompetence or bad faith the fact of the matter is he controlled the case and he named this entity two years later at the time they came to this agreement not only does the language of the agreement itself as has been pointed out not support that there be any waiver of the right to consent but there was no discussion about bringing in any other defendants not this defendant specifically and so the the type the type of tactics this court talked about and just you know all apply here in that case the court that's all rests on the interpretation that the agreement not to remove to federal court means the agreement not to file a notice of removal under the statute as opposed to agree not to shift the case to federal court and you know the language isn't so clear that it's tied to one specific type of piece of paper referred to under the code either well your honor congress has recognized there's two distinct rights this court has recognized there's well it's a distinct right in the sense that you get a second window um consent the fact that you you skipped past the 30 days to remove on your own doesn't you know prevent you from later consenting but the question is whether or not the language in this contract would be reasonably read um in light of the extrinsic evidence as extending to all ability of samex construction to shift the case to federal court yes and your honor i see my time has elapsed as long as we're asking questions you can keep up i agree your honor but the fact that there are two recognized rights within the statute within the case law and the fact that all the agreement says is that cemex will agree to not remove the case to federal court the fact that cemex inc is not in the case there's no discussion of cemex inc there's no disclosure of cemex inc and there was no reason for them to for ccmp to believe that cemex inc would be added this parent corporation when ccmp is the regional operator in the pacific region that would you know have potential liability over the claims plaintiff was making there's just no way to read that agreement so broadly as to um sort of remove both of these rights and i think the court will have to reconcile it with some of its own case law that's not directly on point but talks about how waiver cannot be brought to apply to multiple rights for example in the ferrari case when this court clarified that waiver of a specific right to removal as to some claims doesn't mean removal as to other claims and there's other um doctrines this court has uh erected about constitutional rights statutory rights that are waived uh making clear that they have to be clear and unmistakable it is not clear and unmistakable from this contract that the right to uh remove the white that waiver of the right to consent in perpetuity over any defendant would ever come in um is what ccmp was agreeing to and to this notion about the two defendants and alter ego etc um you know the fact that opposing counsel conceded if they aren't related that would be a different case their relation doesn't matter at all here in fact this court has clarified in the harris rusky and coke case that a parent sub even a wholly owned sub are two distinct entities and even where they share officers offices um and are organized similarly the court held that's not sufficient for alter ego and so ultimately here all the court needs to do is hold that this agreement did not waive ccmp's right in perpetuity into the all right thank you counsel thank you case just argued be submitted and we are adjourned for this session this court for this session stands adjourned
judges: Clifton, Collins, Lee